UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Daniel Spence,<br><br>                                    Plaintiff<br><br>vs.<br><br>Wells Fargo Bank, NA,<br><br>                                    Defendant | Case No.  2:17-cv-292-RMG<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina, County of Berkeley.

2. The Defendant Wells Fargo Bank, NA is a national banking association with its principal place of business, "nerve center" and headquarters in the State of California.

3. Defendant transacts substantial business in the state of South Carolina including through Wells Fargo Card Services.

4. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper based upon the non-residence of the Defendant.

## FACTUAL ALLEGATIONS

5. In or around 2002, Plaintiff and his then-wife opened a credit card through Defendant.

6. From 2002 through 2013, Plaintiff made all payments as due, and kept the card in good standing. He continued doing so after becoming divorced from his wife, from whom he became divorced before 2013.

7. On or about October 1, 2013 Plaintiff attempted to log in to his credit card statement online to pay the monthly credit card bill, but was denied access.

8. When Plaintiff contacted Defendant about the problem, Defendant told Plaintiff it would not discuss the bill with him because his ex-wife and her current husband had filed bankruptcy.

9. After Defendant shut off Plaintiff's access to the account, Plaintiff had no way to pay it and, upon information and belief, Defendant would not accept his payments.

10. From 2013 through 2015, Plaintiff made multiple attempts to resolve the issue with Wells Fargo, to no avail.

11. In or around 2015 Plaintiff obtained his credit reports and learned that Wells Fargo had reported his account as an "individual" account 120 days past due.  Later, the account was reported as "charged off."

12. The "charge off" date Defendant listed was September of 2013 making it appear that (after making his payments on time for years) Plaintiff had simply stopped making payments. There was no mention by Defendant in its reporting of the fact that the alleged "charge off" event was the bankruptcy of a former spouse over whom Plaintiff had no control.

13. Defendant made it appear that Plaintiff had simply stopped making payments on his individual account in September of 2013, and defaulted.

14. In or around the fall of 2016, Plaintiff disputed Defendant's false and incomplete credit reporting to the credit reporting agencies.

15. Despite receiving Plaintiff's dispute from the agencies, Defendant failed to conduct a proper reinvestigation and verified its false, negative, and incomplete information to the credit reporting agencies as accurate and complete.

16. As a direct and proximate result, Plaintiff's credit was seriously harmed.

17. Further, at or near the time of Plaintiff's disputes in 2016, Defendant attempted to collect the debt (which was now passed the statute of limitations for collection) from Plaintiff,

contacting him repeatedly on his cellular phone by an automated telephone dialing system, even after Plaintiff requested only written communication.

18. After refusing to accept Plaintiff's payments, creating a fictitious "default," refusing to address or correct its billing errors, and re-reporting false information to credit reporting agencies after reinvestigation, Defendant sought by unlawful means to collect the debt from Plaintiff, over three years after it stopped allowing him to simply pay it.

19. As a direct and proximate result of the above, Plaintiff has suffered real and concrete injury, including the loss of credit, harm to his credit score, numerous hours of his time expended attempting to resolve the Defendant's clear error, the invasion of his privacy, the tying up of his phone, and frustration, embarrassment and humiliation, in an amount to be determined by the trier of fact.

## FIRST CAUSE OF ACTION
### (Fair Credit Billing Act)

20. The above paragraphs are realleged as if repeated herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

21. Defendant meets the definition of a "creditor" as defined in the Fair Credit Billing Act, 15 U.S.C. § 1620(f).

22. Plaintiff gave Defendant written notice that late and other account charges claimed due by Defendant were disputed, under Regulation Z, 12 C.F.R. § 226.12(b)(3).

23. The actions of Defendant violated the Fair Credit Billing Act.   These violations include, but are not limited to:

   a. Reporting the account to credit reporting agencies without satisfying the requirements of 15 U.S.C. § 1666(d) and by failing to report the account as disputed when supplying information to credit reporting agencies in violation of 15 U.S.C. § 1666a(a) and (b).

b.   Failing to promptly investigate disputed charges made against the account.

24. Because of these violations of the Fair Credit Billing Act, Defendant is liable for Plaintiff's actual damages, statutory damages, costs and attorney's fees, all in an amount to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION

### (15 USC 1681s-2(b), Failure to Conduct Proper Investigation)

25. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

26. Defendant is a furnisher of information as defined in the Fair Credit Reporting Act, as amended.

27. After being notified by the Plaintiff and the consumer reporting agencies that derogatory information was disputed by the Plaintiff, Defendant failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. 1681s-2(b).

28. Defendant further failed, despite notice of Plaintiff's dispute, to include the fact of his dispute in its reporting.

29. Thereafter, Defendant negligently and willfully re-reported inaccurate and incomplete information to the consumer reporting agencies, thereby violating the Fair Credit Reporting Act regarding reinvestigation.

30. Defendant, through its action and inaction, caused great and irreparable injury to Plaintiff.

31. Defendant recklessly and/or with willful intent to injure, defamed Plaintiff and invaded the legitimate expectation of privacy of the Plaintiff.

32. Besides actual or compensatory damages, a judgment should be granted to Plaintiff{s} in a sum to be assessed by the trier of fact for punitive/exemplary damages under state law, and/or for willful violation{s} of the Fair Credit Reporting Act or other applicable federal laws.

## FOR A THIRD CAUSE OF ACTION

### (Violation of Telephone Consumer Protection Act)

33. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

34. Defendant's telephonic activities are governed by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200.

35. Never did Plaintiff consent to receiving calls from Defendant on a wireless device.

36. Further, to the extent Defendant had or believed it had Plaintiff's consent to call via means regulated by the TCPA, such consent was revoked.

37. Defendant thereafter continued to contact Plaintiff's cellular telephone, with an automated dialing system or otherwise.

38. Upon information and belief, Defendant placed calls using a pre-recorded message, with no permissible purpose, in violation of 47 CFR 64.1200 (2).

39. Defendant committed the above violations multiple times, and that said violations were willful.

40. Plaintiff, having been harmed by the above conduct, may recover $1,500.00 per violation, plus such other damages, penalties, attorney's fees and costs as allowed by law.

41. Plaintiff is further entitled to, and requests, injunctive relief requiring Defendant to cease and desist any further calling activity, and to award a penalty in the amount of $1,500.00 per such violation, plus fees, costs, and such other relief as is just and proper.

## FOR A FOURTH CAUSE OF ACTION

### (Violation of SC Code § 37-5-108)

42. The above allegations are repeated and realleged herein as if set forth verbatim, to the extent not inconsistent with the allegations of this cause of action.

43. The transaction or alleged transaction described above is a consumer transaction.

44. Upon information and belief, the Defendant engaged in unconscionable conduct in the following particulars and such others to be proven at trial:

   a. Defendant caused a telephone to ring repeatedly during a twenty-four hour period or engaged in telephone conversations with intent to annoy, abuse, and harass.

  b. Defendant communicated at time or place otherwise known or which should be known to be inconvenient to the Plaintiff.

  c. Defendant used deceptive or misleading representations about the character, amount, or legal status of any debt.

  d. Defendant continued to report Plaintiff's account to a consumer reporting agency despite knowledge of Plaintiff's dispute, and without noting his dispute.

45. Plaintiff should be granted judgment against Defendant for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

### **PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By: s / Dave Maxfield_____
   David A. Maxfield, Esq., Fed Bar No 6293
   5217 N. Trenholm Road, Suite B
   Columbia, SC 29206
   803-509-6800
   855-299-1656 (fax)
   dave@consumerlawsc.com

May 15, 2017